NETTIE PECK, Respondent, v. CUDAHY PACKING COMPANY, Appellant.

Fourth Department, November 23, 1938.

*Hancock, Dorr, Kingsley & Shove* [*William L. Hanaway* and *Edward A. Craighill, Jr.*, of counsel], for the appellant.

*Melvin & Melvin* [*Crandall Melvin* and *Louis Young* of counsel], for the respondent.

PER CURIAM. Defendant appeals from a judgment entered upon the verdict of a jury which awarded plaintiff damages in a negligence action. Defendant's negligence is predicated upon plaintiff's own testimony and that of an expert witness whom she called. Plaintiff testified that she caused to be purchased a can of lye which was manufactured, packed and distributed by defendant and which, as she was opening it, exploded, thereby expelling a

portion of the contents upon her and causing her serious and permanent injuries. Her expert witness testified that he, upon an inspection of the can and by a qualitative analysis of its contents, discovered the presence of certain chemicals which he described as catalytic agents; he further testified that, in his opinion, the explosion was caused by an electrolytic catalytic decomposition of the contents which, by forming a gas in the can, created sufficient pressure inside thereof to expel a portion of the contents when plaintiff attempted to remove the lid.

Defendant contended that the accident could only have been caused by pouring a substantial amount of water or other liquid on the contents while in the can. Defendant called chemists who had been principally engaged for many years in research work in connection with the commercial use of lye. These witnesses testified that, upon quantitative, together with qualitative, analyses of the contents of the can, they found no sufficient quantity of catalytic agents which could possibly have caused such an explosion as plaintiff described. The analyses were made from samples which the plaintiff's attorneys supplied. The correctness of these analyses and also the testimony that the quantities in which the elements were found were insufficient to produce an explosion, were not contradicted.

We conclude that the judgment should be reversed on the ground that the hypothesis, upon which plaintiff's expert witness based his opinion, failed to include the proportionate quantities of the various elements which he claimed were catalytic agents. In our opinion, whether there were present agents in quantity sufficient to cause such an explosion as was described by plaintiff, must necessarily depend upon the proportionate quantities of the various elements capable of such action and, in the absence of such proof, the verdict of the jury is contrary to and against the weight of the evidence. (See *Piehl* v. *Albany Railway*, 19 App. Div. 471.)

The judgment and the order denying defendant's motion for a new trial are reversed on the law and the facts, and a new trial granted, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.